**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL CHAVEZ, individually and on behalf of all others similarly situated** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 5:26-cv-05958-OLG** |
| | § | |
| **AVANTI WELLNESS CAMBRIDGE LP d/b/a THE DRIPBAR ALAMO HEIGHTS** | § | |
| | § | |
| **Defendant** | § | |

**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant Avanti Wellness Cambridge LP ("Avanti") hereby files its Answer and affirmative defenses to Plaintiff Michael Chavez's Class Action Complaint.

***

**ANSWER TO COMPLAINT**

**I. INTRODUCTION**

1. Paragraph 1 contains legislative and case quotes that speak for themselves and are neither admitted nor denied.

2. Paragraph 2 contains legislative, regulatory, and case quotes that speak for themselves, as well as related statements that are not directed toward Avanti or the facts of this case, all of which are neither admitted nor denied.

3. Avanti admits that Plaintiff purports to assert claims for himself and a proposed class under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Avanti also admits that it sent text messages to Plaintiff. Avanti otherwise denies the allegations in Paragraph 3; specifically, Avanti denies that it violated the TCPA or the Texas Business and Commerce Code ("TBCC") (whether with respect to Plaintiff or any other potential members of

the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"), or that certification of any class otherwise is proper or warranted under Rule 23.

4. Avanti admits that Plaintiff purports to assert claims for himself and a proposed class under the TCPA. Avanti otherwise denies the allegations in Paragraph 4; specifically, Avanti denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23.

## II. PARTIES

5. Avanti admits that Plaintiff is an individual. Avanti lacks knowledge or information as to whether Plaintiff resides in Texas and therefore denies same.

6. Avanti admits that its principal place of business is in Bexar County, Texas. Avanti denies that it is a corporation or has a "headquarters."

## III. JURISDICTION AND VENUE

7. The allegations in Paragraph 7 constitute legal conclusions and are neither admitted nor denied.

8. Avanti admits that it resides within the Western District of Texas's geographic boundaries. The other allegations in Paragraph 8 constitute legal conclusions and are neither admitted nor denied.

## IV. FACTS

9. The statements in Paragraph 9 are not directed toward Avanti or the facts of this case and are neither admitted nor denied.

10. Paragraph 10 contains a statutory quote that speaks for itself and is neither admitted nor denied.

11. Paragraph 11 contains a statement about the Code of Federal Regulations ("CFR") that speaks for itself and is neither admitted nor denied.

12. Paragraph 12 contains a quote from the CFR that speaks for itself and is neither admitted nor denied.

13. Paragraph 13 contains statements about the TCPA and CFR that speak for themselves and are neither admitted nor denied.

14. Paragraph 14 contains quotes from and statements about the TBCC that speak for themselves and are neither admitted nor denied.

15. Paragraph 15 contains quotes from and statements about the TBCC that speak for themselves and are neither admitted nor denied.

16. The statement in Paragraph 16 constitutes a legal conclusion regarding the TBCC (which speaks for itself) and is neither admitted nor denied; though, to the extent a response is required, Avanti denies the statement.

17. The statement in Paragraph 17 constitutes a legal conclusion regarding the TBCC (which speaks for itself) and is neither admitted nor denied; though, to the extent a response is required, Avanti denies the statement.

18. Avanti admits that at the time of the events that gave rise to this action, it had not submitted a Telephone Solicitation Registration Statement to the Texas Secretary of State. However, Avanti denies that it was "required" to do so by the TBCC.

19. The statement in Paragraph 19 constitutes a legal conclusion regarding the TCPA (which speaks for itself) and is neither admitted nor denied.

20. Avanti lacks knowledge or information regarding the characterization and use of Plaintiff's telephone number and therefore denies the allegations in Paragraph 20.

21. Avanti lacks knowledge or information regarding the characterization and use of Plaintiff's telephone number and therefore denies the allegations in Paragraph 21.

22. Avanti lacks knowledge or information regarding the characterization and use of Plaintiff's telephone number and therefore denies the allegations in Paragraph 22.

23. The allegations in Paragraph 23 constitute legal conclusions, based on allegations about Plaintiff's telephone number on which Avanti lacks knowledge or information, and therefore are denied.

24. Avanti lacks knowledge or information as to whether Plaintiff's telephone number has been on the National Do Not Call Registry since December 22, 2004 and therefore denies same.

25. Avanti admits that it sent Plaintiff fifteen text messages from November 19, 2025 to July 30, 2026.

26. Avanti admits that it is a wellness business that sells IV infusions, injections, and wellness treatments (among other products and services), and that it sends text messages to consenting customers to market its products and services.

27. Avanti admits that it sent Plaintiff a text message on November 19, 2025. Avanti neither admits nor denies the allegations in Paragraph 27 purporting to summarize and/or characterize the text message, which speaks for itself.

28. Avanti admits that it has no record of Plaintiff responding to the November 19, 2025 text message (by which Plaintiff could have replied "stop" to unsubscribe from receiving additional text messages).

29. Avanti admits that it sent Plaintiff additional text messages similar to the November 19, 2025 text message.

30. Avanti admits that the screenshots shown in Paragraph 30 appear to reflect text messages that it sent Plaintiff on November 19, 2025, December 30, 2025, and July 3, 2026, respectively.

31. The allegations in Paragraph 31 purport to characterize and/or summarize the text messages sent by Avanti, which speak for themselves, and therefore are neither admitted nor denied.

32. The allegation in Paragraph 32 constitutes a legal conclusion and is neither admitted nor denied.

33. Avanti admits that it sent Plaintiff text messages from its business location in Texas.

34. The statement in Paragraph 34 constitutes a legal conclusion regarding the TCPA and is neither admitted nor denied.

35. Avanti denies that it is (or ever was) unreasonable, that it sent hundreds of calls to numbers on the National Do Not Call Registry, or that, even assuming *arguendo* it did, it would not have investigated the reasons why.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## V. CLASS ACTION ALLEGATIONS

41. Avanti denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23.

42. Avanti denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23.

43. Avanti lacks knowledge or information as to whether the other potential members of the putative "classes" pleaded in Plaintiffs' Complaint are identifiable through telephone records or telephone number databases and therefore denies same. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23.

44. Avanti denies that it has made "*en masse* . . . telemarketing calls." Avanti lacks knowledge or information as to whether the potential members of the putative "classes" pleaded in Plaintiffs' Complaint likely number at least in the hundreds and therefore denies same. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23.

45. Avanti lacks knowledge or information as to whether individual joinder of the other potential members of the putative “classes” pleaded in Plaintiffs’ Complaint is impracticable and therefore denies same. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative “classes” pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegation in Paragraph 45 constitutes a legal conclusion to which no response is required.

46. Avanti denies that a class action will provide substantial benefit to the parties and the Court. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative “classes” pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 46 constitute legal conclusions to which no response is required.

47. Avanti lacks knowledge or information as to whether Plaintiff has any conflicts with or could fairly and adequately represent and protect the interests of the other potential members of the putative “classes” pleaded in his Complaint and therefore denies same. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative “classes” pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 47 constitute legal conclusions to which no response is required.

48. Avanti denies that it has caused Plaintiff or anyone else any harm through the acts alleged in the Complaint. Avanti additionally denies that it violated the TCPA or TBCC

(whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23.

49. The statement in Paragraph 49 summarizes the relief requested in the Complaint, which speaks for itself, and is neither admitted nor denied.

50. Avanti denies that it systematically made calls to anyone on the National Do Not Call Registry without prior written consent; that it is or was required to register under the TBCC; or that Plaintiff or anyone else is entitled to recover treble damages from Avanti. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 50 constitute legal conclusions to which no response is required.

51. Avanti denies that it engaged in a common course of conduct with respect to Plaintiff or anyone else. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 51 constitute legal conclusions to which no response is required.

52. Avanti lacks knowledge or information regarding the allegations in Paragraph 52 and therefore denies same. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that

certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 52 constitute legal conclusions to which no response is required.

53. Avanti denies the allegations in Paragraph 53. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 53 constitute legal conclusions to which no response is required.

54. Avanti denies the allegations in Paragraph 54. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 54 constitute legal conclusions to which no response is required.

55. Avanti denies the allegations in Paragraph 55. Avanti additionally denies that it violated the TCPA or TBCC (whether with respect to Plaintiff or any other potential members of the putative "classes" pleaded in his Complaint), that Plaintiff can satisfy the requirements of Rule 23, or that certification of any class otherwise is proper or warranted under Rule 23. Alternatively, the allegations in Paragraph 55 constitute legal conclusions to which no response is required.

## FIRST CAUSE OF ACTION

56. Paragraph 56 purports to incorporate all prior fifty-five Paragraphs and constitutes improper shotgun pleading. Out of an abundance of caution, Avanti incorporates by reference its answers to Paragraphs 1 through 55.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## SECOND CAUSE OF ACTION

61. Paragraph 61 purports to incorporate all prior sixty Paragraphs and constitutes improper shotgun pleading. Out of an abundance of caution, Avanti incorporates by reference its answers to Paragraphs 1 through 60.

62. Denied.

63. Denied.

64. Denied.

## PRAYER FOR RELIEF

Avanti denies that Plaintiff is entitled to any relief from Avanti (whether as set forth in the "Prayer for Relief" section of his Complaint or otherwise). Avanti additionally denies that Plaintiff can satisfy the requirements of, or that certification of a class otherwise is proper or warranted under, Rule 23.

For the avoidance of doubt, any allegations not specifically addressed above are expressly denied.

***

## AFFIRMATIVE DEFENSES

Avanti asserts the following affirmative defenses to the claims set forth in Plaintiff's Complaint.

1. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because he (and the other potential class members) consented in writing to receiving the text messages at issue.

2. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because the Complaint includes insufficient factual allegations to show any violation of the TCPA or TBCC and therefore fails to state a claim upon which relief may be granted.

3. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because the text messages at issue were not unsolicited advertisements or telemarketing calls.

4. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because Avanti has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations that might violate applicable laws and/or regulations.

5. Plaintiff's claims under the TBCC (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because Avanti was not required to register with the Texas Secretary of State for purposes of sending the text messages at issue.

6. Plaintiff's claims under the TBCC (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because he (like

the other potential class members) was a former customer of Avanti when Avanti sent the text messages at issue, and Avanti has operated under the same business name for at least two years (and still does).

7. Plaintiff's claims under the TBCC (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because Avanti, under the same name as that used in connection with the text messages at issue, has operated a retail establishment for at least two years (and still does) where consumer goods are displayed and offered for sale continuously, and a majority of Avanti's business involves buyers obtaining services or products from the retail establishment.

8. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, by any other applicable exception or exemption provided under the TCPA and/or TBCC.

9. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, by the doctrine of waiver.

10. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, by the doctrine of estoppel.

11. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, by the doctrine of ratification.

12. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, by the doctrine of unclean hands.

13. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because he (like the other potential class members) did not and has not suffered any damages or other harm.

14. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint are barred, in whole or in part, because he (like the other potential class members) has not suffered cognizable harm and therefore lacks standing.

15. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, to the extent he (and the other potential class members) failed to mitigate his alleged damages.

16. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because the alleged damages for which he (like the other potential class members) seeks recovery were caused and/or contributed to by Plaintiff's and/or others' acts and/or omissions.

17. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) for trebled or other enhanced damages are barred, in whole or in part, because he has pleaded insufficient allegations to show that Avanti acted willfully or knowingly, and Avanti did not in fact willfully or knowingly violate the TCPA and/or TBCC or otherwise engage in any misconduct.

18. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, because the imposition on Avanti of statutory, trebled, and/or exemplary damages would violate due process and the prohibition against excessive fines and cruel and unusual punishment.

19. Plaintiff's claims (and those of the other potential members of the putative "classes" pleaded in his Complaint) are barred, in whole or in part, by the applicable statutes of limitations.

20. Avanti denies that Plaintiff (or any other potential member of the putative "classes" pleaded in his Complaint) is entitled to recover any award for interest, attorney fees, and/or costs.

Avanti expressly reserves the right to amend and/or supplement this Answer to assert any other applicable and/or available defense.

**PRAYER**

Avanti respectfully prays that the Court enter a take-nothing judgment against Plaintiff, dismiss his claims with prejudice, and award Avanti its reasonable and necessary attorney fees and costs, along with such other and additional relief to which it may justly be entitled.

Respectfully submitted by,

*/s/ Clayton N. Matheson*

Clayton N. Matheson
Texas State Bar No. 24074664
clayton@hfgtx.com
Tom A. Bugg
Texas State Bar No. 24144683
tbugg@hfgtx.com
HORNBERGER FULLER & GARZA INC.
7373 Broadway, Suite 300
San Antonio, Texas 78209
Tel.: 210-271-1700
Fax: 210-271-1730

***Counsel for Defendant***

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of this document was served electronically on all counsel of record through the Court's electronic filing system, in accordance with the Federal Rules of Civil Procedure, on November 10, 2026.

*/s/ Clayton N. Matheson*
Clayton N. Matheson